[^CARTER, C.J.
Plaintiff, Maizel Ross, was injured when she fell on crab salad[2] on the floor of a grocery store operated by Sehwegmann Giant Supermarkets, Inc. She appeals the trial court’s granting of Schwegmann’s motion for summary judgment.
FACTS
Maizel Ross was shopping with her husband in the Sehwegmann store on South Sherwood Forest Boulevard in Baton Rouge on February 1, 1994. As Ross walked down the aisle of the store between the seafood and produce departments, she slipped and fell to the floor. It was determined that a small amount of crab salad on the floor caused Ross to slip. On the day of her fall, a self-service sampling station of crab salad was placed on the counter of the seafood department. She fell approximately ten to twelve feet away from the sampling station.
Ross filed suit against Sehwegmann on January 23, 1995. After completion of discovery, Sehwegmann filed a motion for summary judgment on October 23, 1997. After a hearing on the matter, the trial court granted Schwegmann’s motion for summary judgment. Ross appeals.[3]
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Genusa v. Dominique, 97-0047, p. 4 (La.App. 1st Cir.2/20/98); 708 So.2d 784, 787. The court should not seek to determine whether it is likely that the party moving for summary judgment will prevail on the merits, |abut whether there is a material fact at issue. A fact is material if its existence is essential to the plaintiffs cause.of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery;, affect the litigant’s ultimate success, or determine the outcome of the legal dispute. Genusa, 708 So.2d at 787.
The overriding presumption in favor of trial on the merits was removed by the 1996 amendment to LSA-C.C.P. art. 966. See Genusa, 708 So.2d at 787. The mov-ant’s burden of proof in a motion for summary judgment is set forth in LSA-C.C.P. art. 966 C, which provides:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out *912 to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Genusa, 708 So.2d at 788.
The substantive law applicable to this case is found in LSA-R.S. 9:2800.6, which at the time of Ross’s accident provided in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
U(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
In support of its motion for summary judgment, Schwegmann introduced the deposition of Maizel Ross. According to Ross, she did not see what she slipped on, but was told it was crab salad. Ross did not know how the crab salad came to be on the floor, or how long it was on the floor prior to her fall.
In opposition to the motion for summary judgment, Ross introduced the accident report; the deposition of Michael J. Branch, the supervisor of the seafood department at the time of Ross’s fall; the deposition of Henry 0. Baxter, a loss prevention officer at the time of Ross’s fall; and the affidavit of Michael J. Frenzel, a safety consultant hired by Ross.
According to Branch’s deposition, he had walked past the area where Ross fell approximately thirty to forty minutes prior to her fall. Branch recalled that the seafood department was not too busy at the time of Ross’s fall. Branch gave no indication of how the crab salad got on the floor or how long it had been on the floor. Branch stated that given the light color of the crab salad, it would be difficult to see on the white floor of the store.
Baxter’s deposition revealed he investigated the accident. After being called to the area where Ross fell, he checked it to see if there were any open or broken containers in the immediate area, but found none. In Baxter’s opinion, the crab salad was probably dropped by a child. He did not know of any eyewitnesses to Ross’s fall. Baxter was also unable to remember the last time he had walked through the seafood department prior to Ross’s fall.
The Frenzel affidavit asserts Schweg-mann failed to have reasonable inspection procedures. According to Frenzel, spillage or droppage by customers participating in [Sunsupervised sampling is foreseeable and highly likely to occur. Accordingly, Frenzel concludes Schweg-mann failed to exercise reasonable care in creating the crab salad floor hazard *913 where it was known that customers who sampled the crab salad would spill or drop it on the floor.
Schwegmann’s motion for summary judgment is based on the lack of any proof that it either created or had actual or constructive notice under LSA-R.S. 9:2800.6 B(2) of the crab salad on its floor. We first address whether there is a factual issue that Schwegmann created the condition which caused Ross’s fall.
The condition which caused Ross’s fall was not the sampling station offering samples of crab salad to Schwegmann’s customers, but the portion of crab salad on the floor some ten to twelve feet away from the sampling station. The affidavit submitted by Frenzel contends that due to the foreseeability and likelihood that the customers would drop portions of the crab salad sample on the floor means that Schwegmann created a situation which led to Ross’s fall. However, we find Frenzel’s assertions address the element of proof required by LSA-R.S. 9:2800.6 B(3), instead of whether Schwegmann was responsible for the actual spill or drop of the crab salad.
If the requirements of a plaintiffs burden of proof under LSA-R.S. 9:2800.6 B are read as Ross suggests,’ a merchant’s failure to exercise reasonable care is the equivalent of a merchant creating a dangerous condition. Such an interpretation would nullify Section B(3) of the statute. Instead, we find that the wording of LSA-R.S. 9:2800.6 B(2) which requires plaintiff prove that “the merchant ... created ... the condition which caused the damage” means there must be proof that the merchant is directly responsible for the spill or other hazardous condition. In this case, there is no evidence that would establish that the crab salad found its way onto the floor because of an act by a Schwegmann employee. Rather, the overwhelming implication is the crab salad was dropped by a customer.
Thus, it was Ross’s burden to show there was a genuine issue of fact of whether Schwegmann had actual or constructive notice that the crab salad was on the floor. In 6White v. Wal-Mart Stores, Inc., 97-0393, p. 1 (La.9/9/97); 699 So.2d 1081, 1082, the supreme court held:
[B]ecause constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2) (1991), the claimant must come forward' with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.
Ross failed to refute the lack of evidence that Schwegmann had no actual or constructive notice of the crab salad on the floor. There is simply no fact in the record that could establish that Schwegmann had any notice of the crab salad on the floor. We note the exhibits offered by Ross in opposition to Schwegmann’s motion for summary judgment effectively establish genuine issues of material fact regarding whether Schwegmann’s inspection procedures were reasonable. But they do not defeat the absence of facts upon which Schwegmann asserts its motion for summary judgment.
Based on the foregoing, we find there is no issue of fact as to whether Schwegmann either created or had actual or constructive notice of the crab salad on the floor. Because of the complete lack of any facts establishing this element of Ross’s burden of proof, the motion for summary judgment was properly granted. Accordingly, the granting of Schwegmaiin’s motion for summary judgment is affirmed, and all costs of the appeal are assessed against the plaintiff, Maizel Ross.
AFFIRMED.

. The crab salad was made of imitation crab, which is sometimes referred to as Krab salad in the record. For our purposes, we simply refer to the substance as crab salad.

.Although the order for appeal reflects both Maizel and William Ross appealed the judgment, William Ross died prior to the hearing on the motion for summary judgment.