**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2011

No. 11-30205
Summary Calendar

Lyle W. Cayce
Clerk

FRANCES CARNER,

Plaintiff - Appellant

v.

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing business as BlueCross BlueShield of Louisiana,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
USDC No. 3:10-CV-557

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Frances Carner, a former employee of Defendant-Appellee Louisiana Health Service & Indemnity Company, d/b/a BlueCross BlueShield of Louisiana, brought a lawsuit against BlueCross BlueShield of Louisiana alleging both federal and state claims, including retaliation, hostile work environment, and constructive discharge. Carner appeals the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's grant of BlueCross BlueShield of Louisiana's motion for summary judgment with respect to her post-employment retaliation claims. For the following reasons, we affirm the district court's judgment.

## I. Background

Frances Carner ("Carner") was an employee of BlueCross BlueShield of Louisiana ("BCBSLA") from March 2007 until she resigned on July 24, 2009. According to Carner, beginning in April 2008, BCBSLA employees pressured her to violate state and federal trade secret laws. Carner alleges that, after she refused to comply with these demands and then reported her concerns to BCBSLA officials, BCBSLA employees persistently retaliated against her. Carner claims that she felt compelled to resign as a result of the retaliation.

On July 23, 2010, Carner filed a petition for damages against BCBSLA in the 21st Judicial District Court, Livingston Parish, Louisiana. She asserted the state-law claims of retaliation, hostile work environment, constructive discharge, intentional infliction of emotional distress, and defamation. Carner also brought a claim under 42 U.S.C. § 1983 based on an alleged violation of her First Amendment rights. BCBSLA was served by process on August 5, 2010. On August 26, 2010, BCBSLA timely removed the action to the U.S. District Court for the Middle District of Louisiana. On October 22, 2010, Carner amended her petition to add additional claims, such as a violation of the Louisiana Whistleblower Statute, La. Rev. Stat. Ann. § 23:967.

On November 18, 2010, the parties filed a Status Report in the district court. In the report, BCBSLA stated that it anticipated filing a summary judgment motion on the basis of prescription, service, and venue. Carner agreed not to "seek to compel initial disclosures at this time so long as defendant's Motion for Summary Judgment is limited to its assertions of prescription and filing/service only."

On December 2, 2010, BCBSLA filed a motion for summary judgment, asserting that Carner's claims were prescribed due to her failure to file suit in a proper venue and to serve BCBSLA within the one-year prescriptive period. On January 18, 2011, Carner filed a memorandum in opposition to BCBSLA's summary judgment motion, arguing that her claims were not prescribed, because BCBSLA's acts of post-employment retaliation extended the prescriptive period.

The district court granted BCBSLA's summary judgment motion, stating that all of Carner's claims were prescribed. Because Carner "produced no evidence that Defendant continued to retaliate against her by refusing to verify her employment to prospective employers," the district court found that Carner's last injury was sustained on July 24, 2009. Therefore, due to Carner's failure to file suit in the proper venue and to serve BCBSLA within the prescriptive period, the district court held that Carner's claims were prescribed. On appeal, Carner contends that the district court erred in dismissing her post-employment retaliation claims.

## II. Discussion

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A "genuine" dispute exists if, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). When reviewing a summary judgment, we "draw all reasonable inferences in favor of the nonmoving party." *Turner*, 476 F.3d at 343 (citations and internal quotation marks omitted).

3

In its motion for summary judgment, BCBSLA contended that all of Carner's claims were prescribed. Under Louisiana Civil Code Article 3492, delictual actions are subject to a one-year prescriptive period, which begins to run from the date of injury. All of Carner's claims against BCBSLA are delictual, including her 42 U.S.C. § 1983 claim, which under *Wilson v. Garcia*, 471 U.S. 261, 279 (1985), is characterized as a personal injury action and therefore subject to the relevant state prescription period. Pursuant to Louisiana Civil Code Article 3462, prescription is interrupted when the plaintiff files suit within the prescriptive period "in a court of competent jurisdiction and venue." However, if the "action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." La. Civ. Code Ann. art. 3462 (2011); *see also Doe v. Delta Women's Clinic of Baton Rouge*, 37 So. 3d 1076, 1079 (La. Ct. App. 1 Cir. 4/30/10).

In the instant case, Carner concedes that she filed suit in an improper venue. Under Louisiana law, a lawsuit against a domestic corporation "shall be brought in the parish where its registered office is located." La. Code Civ. Proc. Ann. art. 42(2) (2011); *see also Schiro v. Liljeberg Enters., Inc.*, 703 So. 2d 780, 782 (La. Ct. App. 5 Cir. 11/25/97). Here, BCBSLA maintains its registered office in East Baton Rouge Parish. On July 23, 2010, Carner filed suit in Livingston Parish, an improper venue.

Because Carner filed suit in an improper venue, prescription would only be interrupted if she served the defendant during the one-year prescriptive period. It is undisputed that Carner served BCBSLA on August 5, 2010. BCBSLA argued, and the district court found, that Carner's last injury was on July 24, 2009, the date that she was allegedly constructively discharged. Therefore, the prescriptive period began to run on July 24, 2009, and ended on July 24, 2010. Because BCBSLA was not served by process until August 5, 2010,

4

after the prescriptive period had run, the district court found that all of Carner's claims were prescribed.

On appeal, Carner concedes that the district court was correct in holding that her claims arising prior to July 24, 2009, were prescribed. However, Carner asserts on appeal that the district court erred in dismissing her post-employment retaliation claims. For the reasons discussed below, we conclude that the district court did not err in dismissing Carner's post-employment retaliation claims.

Carner argues on appeal that the district court acted in contravention of the terms of the Status Report, by considering the underlying merits of her post-employment retaliation claims instead of dealing solely with the issues of prescription, venue, and service. However, we find that the district court did abide by the terms of the Status Report. The Status Report limited BCBSLA's summary judgment motion to the issues of prescription, venue, and service. Consistent with the Status Report, BCBSLA moved for summary judgment on all of Carner's claims based on prescription. BCBSLA argued in its summary judgment motion that all of Carner's claims stemmed from her employment with BCBSLA, which ended on July 24, 2009. Therefore, because the prescriptive period began to run on July 24, 2009, all of Carner's claims were prescribed.

Aware that the date of her injury was an important factor in the analysis of prescription and that all of her claims were in peril of being dismissed, Carner argued in her memorandum in opposition to BCBSLA's motion for summary judgment ("opposition memorandum") that her post-employment retaliation claims extended the prescriptive period. In her opposition memorandum, Carner acknowledged that she had only briefly mentioned these claims in two paragraphs of her original petition.[1] Carner reiterated these claims in her

---

[1] For instance, in paragraph 35 of her petition for damages, Carner alleged that, after her resignation, "based on knowledge, information and belief, potential employers have been unable to receive verification of employment and/or a favorable job reference from officials

opposition memorandum, stating that after her resignation, BCBSLA refused to provide verification of her employment to prospective employers. Additionally, Carner made the general allegation in her opposition memorandum that "BCBSLA's retaliation has been a continuous and sustained adverse action towards Ms. Carner" that persisted through July 2010.

However, Carner failed to provide the district court with any evidence supporting these post-employment retaliation claims. After a movant has met its initial burden of demonstrating the absence of a genuine issue of material fact, in order to defeat summary judgment, the nonmoving party must "designate specific  facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). We have stated that the court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*

In order to defeat summary judgment, then, Carner was required to put forward specific facts demonstrating that there was a genuine issue of material fact for trial regarding the prescription of her claims. Thus, Carner was required to come forward with evidence regarding BCBSLA's alleged post-employment retaliation in order to create a genuine dispute about the date of her last injury. However, Carner's assertions about BCBSLA's post-employment retaliation in her opposition memorandum are merely conclusory allegations and unsubstantiated assertions.[2] Carner provided the district court with no specific

---

with BCBSLA which has lead [sic] to the petitioner's difficulty in securing comparable employment in her field."

[2] For instance, much of Carner's opposition memorandum consisted of statements such as the following, presented without any specific factual support: "The defendant's adverse actions/retaliatory conduct toward the plaintiff did not end on July 24, 2010 [sic 2009], sadly

facts, in the pleadings or otherwise, to support her post-employment retaliation claims. The district court correctly noted that Carner "produced no evidence that Defendant continued to retaliate against her by refusing to verify her employment to prospective employers." Therefore, the district court properly concluded that Carner's last injury was sustained on July 24, 2009, and that BCBSLA was entitled to judgment as a matter of law because all of Carner's claims were prescribed.

Carner further argues on appeal that, because the parties agreed in the Status Report to delay discovery until after the district court's ruling on BCBSLA's summary judgment motion, the district court should not have determined whether there was a genuine dispute regarding her post-employment retaliation claims. Carner contends that, as discovery was deferred, the district court should have known that she was unable to set forth any facts regarding her post-employment retaliation claims. On appeal, Carner points to Federal Rule of Civil Procedure 56(d) to support her argument.[3] However, Carner should have been aware of her burden in opposing BCBSLA's motion for summary judgment, and, if she determined that she lacked the ability to produce facts, she should have made a motion under Rule 56(d) to the district court. We have stated that our "court has foreclosed a party's contention on appeal that it had inadequate time to marshal evidence to defend against summary judgment when the party did not seek Rule 56(f) [now rule 56(d)] relief before the summary judgment ruling."[4]  *Tate v. Starks*, No. 09-60384, 2011 U.S. App.

_____

it has been an ongoing enterprise."

[3] Federal Rule of Civil Procedure 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

[4] Rule 56 was amended in 2010, and the advisory committee notes to the 2010 amendments state that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d) advisory committee's note.

LEXIS 12686, at \*30 n.12 (5th Cir. June 21, 2011) (alteration in original) (quoting *Fanning v. Metro. Transit Auth.*, 141 F. App'x 311, 314 (5th Cir. 2005)). As Carner failed to raise this issue before the district court, the issue has been waived.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.