# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2012

No. 11-30946

Lyle W. Cayce
Clerk

JEAN GRAY; ROBERT GRAY,

Plaintiffs - Appellants,

v.

WAL-MART LOUISIANA, L.L.C.,

Defendant - Appellee.

Appeal from the United States District Court for the
Western District of Louisiana
1:09-CV-1523

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the petition for panel rehearing is GRANTED and the opinion previously filed in this case is WITHDRAWN. The following opinion is substituted therefore:

Plaintiffs-Appellants Jean and Robert Gray appeal the district court's grant of summary judgment in favor of Defendant-Appellee Wal-Mart Louisiana, L.L.C. ("Wal-Mart"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30946

## I.

On September 1, 2008, Jean Gray ("Gray") went to a Wal-Mart in Pineville, Louisiana. Severe storms caused by Hurricane Gustav blanketed the Gulf region that day. After shopping for about an hour, she slipped in a puddle of clear liquid while pushing her cart down an aisle. Gray alleges that when she slipped, her right foot slid backwards and caused her right knee to hit the ground. Shortly after Gray's injury, Wesley Aguillard, a Wal-Mart supervisor, filled out an internal incident report that identified a hole in Wal-Mart's roof as the "source" of the puddle. Later, when he was deposed, Aguillard testified that the incident report was based not on direct knowledge but instead on an "assumption," which in turn was based on Aguillard's knowledge of other leaks in Wal-Mart's roof and the heavy rain outside.

On July 21, 2009, Gray and her husband filed suit against Wal-Mart in Louisiana state court seeking to recover damages for injuries caused by the fall. They asserted state law negligence claims, alleging that Gray slipped in a puddle of rainwater that leaked from a hole in the store's roof. Wal-Mart removed the case to federal court based on diversity jurisdiction and filed a motion for summary judgment. The district court granted Wal-Mart's motion for summary judgment on September 29, 2011, on the ground that Appellants had failed to create an issue of fact as to whether they had satisfied the standard set forth in La. Rev. Stat. Ann. § 9:2800.6(B)(2) (2012).

## II.

We review the grant of summary judgment de novo, applying the same standard used by the district court. *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in

No. 11-30946

favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (quoting *Hamilton*, 232 F.3d at 477). When reviewing motions for summary judgment, we "construe all facts and inferences in the light most favorable to the non-moving party . . . ." *Hernandez v. Yellow Transp.*, 670 F.3d 644, 650 (5th Cir. 2012).

### III.

Appellants' claims are governed by La. Rev. Stat. Ann. § 9:2800.6(B). Subsection (2) of § 9:2800.6(B) requires that plaintiffs asserting slip-and-fall claims against a merchant prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." *See Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 2004) ("In a slip and fall case, the plaintiff's burden of proof is set forth in . . . [§] 9:2800.6.").[1] The district court granted summary judgment solely on the basis that Appellants could not satisfy the standard set forth in La. Rev. Stat. Ann. § 9:2800.6(B), as Appellants were unable to show that Wal-Mart created the puddle or had either actual or constructive notice of the puddle before Gray fell.

Appellants argue that summary judgment is improper because they have raised a fact issue as to whether Wal-Mart "created the hazard because its own roof leaked or it had actual knowledge of the hazard because it knew its roof leaked."[2] To support their argument, Appellants point to the incident report asserting that the "source" of the puddle that injured Gray was a hole in Wal-Mart's roof.

---

[1]  *Kennedy* requires us to reject Appellants' argument that Article 2317.1 of the Louisiana Civil Code governs this case.

[2]  On appeal, Appellants do not argue that Wal-Mart had constructive notice of the puddle.

The incident report does not establish an issue of fact regarding either the "actual notice" prong or the "created" prong of § 9:2800.6 (B)(2). With respect to the "actual notice" prong, neither the report nor any other evidence presented by Appellants shows that Wal-Mart had actual knowledge of the leak before Gray's accident occurred. With respect to the "created" prong, Appellants cite no cases in which comparable evidence, by itself, established that a merchant had "created" a condition that injured a plaintiff. Instead, for plaintiffs suing a merchant under § 9:2800.6 (B)(2), courts have required proof that an employee's action caused the plaintiffs' injury. *See Ross v. Schwegmann Giant Super Markets*, 734 So. 2d 910, 913 (La. App. 1999) ("[T]he wording of [La. Rev. Stat. 9:2800.6 (B)(2)] . . . means there must be proof that the merchant is directly responsible for the spill or other hazardous condition. In this case, there is no evidence that would establish that the crab salad found its way onto the floor because of an act by a Schwegmann employee."); *Savoie v. Sw. Lous. Hosp. Ass'n*, 866 So.2d 1078, 1081 (La. App. 2004) (merchant "created" hazard where plaintiff had slipped on wax-like substance on floor, and merchant was responsible for cleaning floor). Here, then, in order to show that Wal-Mart "create[d]" the condition that caused Gray's injury, Appellants must create an issue of fact regarding whether a Wal-Mart employee was responsible for causing the leak that injured Gray. But Appellants pointed neither the district court nor this court to any evidence showing that Wal-Mart's employees were responsible for the holes in Wal-Mart's roof, nor any evidence showing that Wal-Mart was responsible for maintaining its own roof. In the absence of evidence connecting Wal-Mart employees to the roof leak, no issue of fact exists regarding whether Wal-Mart "created" the roof leak that injured Gray. *See Ross*, 734 So. 2d at 913.

Appellants have therefore failed to make the showing required under § 9:2800.6(B). Accordingly, even after we take all evidence in the light most favorable to Appellants, Wal-Mart is entitled to summary judgment as a matter

No. 11-30946

of law.

## IV.

We AFFIRM the district court's judgment.