**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2012

No. 12-30078

Lyle W. Cayce
Clerk

LYNN G. FERRANT,

Plaintiff - Appellant

v.

LOWE'S HOME CENTERS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4370

Before KING, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Lynn Ferrant brought suit against Defendant-Appellee Lowe's Home Centers, Inc., after she fell while shopping at a Lowe's home improvement store. Applying Louisiana law, the district court granted summary judgment in favor of Lowe's. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While walking down an aisle at a Lowe's home improvement store in Hammond, Louisiana, Lynn Ferrant tripped and fell after passing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30078

merchandise pallet stocked with light bulbs. Ferrant's companion, George Crater, was following close behind her and went to assist her after she fell. Ferrant alleged that her accident was caused by a board protruding from the bottom of the pallet, although neither she nor Crater actually saw her trip over the board. Rather, Crater claims that he noticed the board after Ferrant fell, assumed that it was the reason for her accident, and pushed the board back into place. After the accident, store employees assisted Ferrant, inspected the area, took photographs of the pallet, and completed an incident report. Lowe's employees did not notice any defects in the pallet.

Ferrant brought suit against Lowe's in state court, asserting that Lowe's negligence caused her injuries. Lowe's removed the case to federal court and later moved for summary judgment. The district court granted summary judgment in favor of Lowe's, and Ferrant appealed.

## II. DISCUSSION

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *See United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We view the evidence in the light most favorable to the non-moving party. *See Caremark*, 634 F.3d at 814.

This case is governed by the Louisiana Merchant Liability Act, which "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003). Under the Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition," and this duty "includes a reasonable effort to keep the premises free of any

2

No. 12-30078

hazardous conditions which reasonably might give rise to damage." LA. REV. STAT. ANN. § 9:2800.6(A). The Merchant Liability Act further provides:

> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* § 9:2800.6(B). "The burden of proof [under the statute] does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3 Cir. 2011) (citing *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997)).

For purposes of summary judgment, Lowe's assumed that Ferrant's fall was caused by a board protruding from a merchandise pallet, and that the protruding board constituted an unreasonably dangerous condition. Lowe's focused its defense upon the second requirement of § 9:2800.6(B), arguing that Ferrant presented no genuine dispute of material fact that Lowe's either created the dangerous condition or had notice thereof. The district court agreed and dismissed the suit. On appeal, Ferrant contends that genuine disputes of material fact preclude summary judgment.

3

No. 12-30078

To satisfy the second requirement of § 9:2800.6(B), a claimant must prove either that the merchant "created" the condition at issue, or had "actual or constructive notice" thereof. LA. REV. STAT. ANN. § 9:2800.6(B)(2). We consider first constructive notice.[1] Under the Merchant Liability Act, "constructive notice" means that "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* § 9:2800.6(C)(1). With respect to the constructive notice requirement, the Supreme Court of Louisiana in *White* explained:

> The statute does not allow for the inference of constructive notice absent some showing of [a] temporal element. *The claimant must make a positive showing of the existence of the condition prior to the fall.* A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.

699 So. 2d at 1084 (emphasis added). The court then continued:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . . " Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. *A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.* Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

---

[1] Although Ferrant asserts on appeal that "Lowe's . . . had actual or at least constructive notice" of the condition, she does not address the actual notice issue in any detail. Inasmuch as Ferrant asserts an actual notice argument, she has failed to brief the issue and has therefore waived it. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n. 2 (5th Cir. 2008) ("Arguments inadequately briefed on appeal are waived.").

No. 12-30078

*Id.* at 1084-85 (emphasis added).[2] Our review of the record reveals no genuine dispute of material fact with respect to constructive notice. As Ferrant produced no evidence whatsoever to show that the protruding board existed for some period of time before her fall, she cannot carry her burden of proof as to constructive notice as mandated by § 9:2800.6(B). *See id.* at 1084.

We also find no genuine dispute of material fact with respect to whether Lowe's created the dangerous condition at issue. Over the course of this litigation, Ferrant has offered varying theories as to the dangerous condition that Lowe's is alleged to have created. She originally alleged that her fall was caused by a broken board protruding from the bottom of the pallet, but later asserted that her accident was due to Lowe's positioning of the pallet—whether damaged or not—in the aisle, which created an unreasonably narrow passage space. Summary judgment was proper under either theory.

To prove that a merchant created a condition which caused an accident, "there must be proof that the merchant is directly responsible for the . . . hazardous condition." *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So. 2d 910, 913 (La. App. 1 Cir. 1999); *see Savoie v. Sw. La. Hosp. Ass'n*, 866 So. 2d 1078, 1081 (La. App. 3 Cir. 2004) (finding that hospital created hazard where wax buildup on floor caused plaintiff to fall, because hospital "maintain[ed] its own floors"); *see also Broussard v. Outback Steakhouse of Fla., Inc.*, 146 F. App'x 710, 714 (5th Cir. 2005) (under § 9:2800.6, "[plaintiff] was required to present evidence from which a reasonable jury could find that Outback created a hazard"). On summary judgment, Ferrant failed to demonstrate a genuine

---

[2] Ferrant argues that Louisiana law distinguishes between "slip and fall" cases and "trip and fall" cases, and that we should not apply "slip and fall" case law here. According to Ferrant, slip and fall cases are distinguishable because the dangerous condition in such cases is more likely to have been caused by a third party rather than a store employee. The Merchant Liability Act contains no such distinction, and Louisiana courts routinely apply § 9:2800.6 and *White* in both types of cases. *See, e.g., Jones*, 847 So. 2d at 48 ("Merchant liability for *slip or trip* and fall cases is governed by La. R.S. 9:2800.6 . . . .") (emphasis added).

dispute of material fact regarding Lowe's alleged creation of the broken pallet. Before the district court and on appeal, Ferrant relies upon evidence suggesting that Lowe's had complete care, custody, and control of the pallet, and had moved the pallet into place on the night before the accident. She also relies upon Lowe's failure to present evidence that a third party tampered with the pallet after it was put into position. Louisiana law does not, however, allow us to infer that a merchant created a dangerous condition merely because that merchant had custody or control over the item at issue and failed to prove that a third party was at fault. Such an inference would essentially shift the burden of proof to Lowe's, which § 9:2800.6 does not permit. *See White*, 699 So. 2d at 1085 ("La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden . . . ."). Without a genuine dispute of material fact on this issue, summary judgment was proper.

We also reject Ferrant's argument that there exists a genuine dispute of material fact regarding Lowe's positioning of the pallet in the aisle. As noted above, the parties agreed for summary judgment purposes that Ferrant's fall was caused by a broken board protruding from the pallet. The parties did not, however, agree that the placement of the pallet itself was to blame for Ferrant's accident. To defeat summary judgment, therefore, Ferrant would have to demonstrate a genuine dispute of material fact as to all three requirements of § 9:2800.6(B). Even if we assume that Lowe's employees placed the pallet in the aisle and thereby created the condition at issue, there is no evidence whatsoever that this placement "presented an unreasonable risk of harm" that was "reasonably foreseeable." LA. REV. STAT. ANN. § 9:2800.6(B)(1). In fact, the record evidence demonstrates the contrary. Ferrant testified that she passed multiple pallets that were placed at approximately the same distance from the shelves as was the offending pallet, but did not trip until she reached the midpoint of the aisle. She further testified that the space between the shelves and the pallet was

No. 12-30078

wide enough to fit a shopping cart. Without evidence that the placement of the pallet itself created an unreasonable risk of harm, Ferrant cannot defeat summary judgment on this theory.[3]

Finally, Ferrant argues that the district court erred in granting summary judgment without allowing for further discovery that may have produced photos of the pallet at issue, employee witnesses, and additional video surveillance footage. Discovery matters are reviewed for an abuse of discretion. *See Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989). We have stated that "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56[(d)] is [the] remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).[4] Pursuant to Rule 56(d), a non-movant on summary judgment may request a continuance for further discovery. In order to obtain a Rule 56(d) continuance, however, the non-movant must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). This "'court has foreclosed a party's contention on appeal that it had inadequate time to marshal evidence to defend against summary judgment when the party did not seek Rule 56([d]) relief before the summary judgment ruling.'" *Carner v. La. Health Serv. & Indem. Co.*, 442 F. App'x 957, 961 (5th Cir. 2011); *see Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir.

---

[3] We also note that courts applying Louisiana law have routinely rejected merchant liability claims based upon the placement of a merchandise pallet. *See, e.g., Taylor v. Wal-Mart Stores, Inc.*, No. 05-1346-A, 2006 WL 1476031, at *2 (W.D. La. May 23, 2006) ("A pallet filled with merchandise in the center of an aisle is a condition any customer would reasonably expect to encounter, and it presents no inherent hazard to the customer exercising reasonable care."); *see also Reed v. Home Depot, Inc.*, 843 So. 2d 588, 592 (La. App. 2 Cir. 2003) ("A pallet does not inherently pose an unreasonable risk of harm.").

[4] Rule 56 was amended in 2010, and the advisory committee notes to the 2010 amendments state that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." FED. R. CIV. P. 56(d) advisory committee's note.

No. 12-30078

1996) ("If [plaintiff] needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance pursuant to rule 56([d]). Because she did not, she is foreclosed from arguing that she did not have adequate time for discovery."). Although Ferrant's response to Lowe's summary judgment motion stated that "[d]iscovery is not complete in this case," she never sought relief under Rule 56(d). As Ferrant did not seek such relief, she cannot argue that the district court erred in granting summary judgment without allowing for sufficient discovery.

## III. CONCLUSION

In light of the foregoing, the judgment of the district court is AFFIRMED.