# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2022

Lyle W. Cayce
Clerk

No. 21-30689

Ora L. Hart,

*Plaintiff—Appellant*,

*versus*

Lowe's Home Centers, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CV-408

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Ora Hart sued Lowe's Home Centers after being injured when she tripped and fell. The district court entered summary judgment for Lowe's. We AFFIRM, though for slightly different reasons than those given by the district court.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30689

## I

Hart was shopping at a Lowe's store in Shreveport. She alleges, and security camera footage confirms, that she was walking down an aisle next to the store's row of checkout counters when she tripped over a piece of lumber that was protruding from another customer's shopping cart and extending into the aisle. Footage from another angle shows that the other customer was standing in line at the register when the accident occurred. Hart suffered a fractured kneecap.

Hart sued Lowe's in Louisiana state court. Lowe's removed the action to federal district court. After both sides had conducted discovery, the district court granted Lowe's motion for summary judgment. The district court reasoned that although Louisiana law requires a merchant to make "reasonable effort[s] to keep the premises free of . . . hazardous conditions," Lowe's did not "owe[] a duty to Hart to keep her from tripping over a piece of lumber protruding from the bottom of an unknown customer's shopping cart" because "Lowe's did not have control of the customer's cart, did not load the piece of lumber, and had no part in causing Hart to fall." *Hart v. Lowe's Home Centers LLC*, No. 5:21-CV-00408, 2021 WL 4694729, at *3–4 (W.D. La. Oct. 7, 2021).

## II

"We review a grant of summary judgment *de novo,* applying the same standard as the district court." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Holtzclaw v. DSC Commc'ns Corp.*, 255

No. 21-30689

F.3d 254, 258 (5th Cir. 2001). We apply Louisiana law, which the parties agree supplies the substantive rule of decision in this diversity case.

## III

Hart first argues the district court erred by failing to properly apply Louisiana negligence principles. She further contends that her claim against Lowe's is not governed by the provision of the Louisiana Merchant Liability Act (LMLA) that deals specifically with "negligence claim[s] brought against . . . merchant[s] . . . for damages as a result of an injury . . . sustained because of a fall due to a condition . . . on a merchant's premises." La. Stat. § 9:2800.6(B).

We disagree. To be sure, "the law of merchant liability found in [Section] 9:2800.6 is not the exclusive remedy of a plaintiff who is injured in an accident on a merchant's premises"; when "the accident is allegedly the result of a specific act on the part of [the defendant]," ordinary "principles of negligence are applicable." *Crooks v. Nat'l Union Fire Ins. Co.*, 620 So. 2d 421, 424 (La. Ct. App. 3d Cir. 1993). But when a claim against a merchant is "solely the result of a condition found on [its] premises," such as a plaintiff's "trip and fall . . . caused by spilled liquid or an item such as a box temporarily present in an aisle," "[Section] 9:2800.6 applies to th[e] case[] and provides instruction as to the burden of proof." *Id.*; *accord Toney v. U.S. Dep't of Army*, 207 F. App'x 465, 467 (5th Cir. 2006); *Littleton v. Wal-Mart Stores, Inc.*, 747 So. 2d 701, 703 (La. Ct. App. 3d Cir. 1999); *Riolo v. Nat'l Tea Co.*, 726 So. 2d 515, 518 (La. Ct. App. 5th Cir. 1999) (fall caused by tripping over empty grocery bag near store entrance governed by § 9:2800.6).

Here, Hart's injuries did not result from "a specific act on the part" of Lowe's, but rather from a "trip and fall . . . caused by . . . an item . . . temporarily present in an aisle" due to another customer's actions. Hart's negligence claim thus falls squarely within the ambit of La. Stat.

3

No. 21-30689

§ 9:2800.6. She accordingly "ha[s] the burden of proving, in addition to all other elements of [a negligence claim]," each of the following:

> (1) The condition [that caused her injury] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition . . . , prior to the occurrence.

> (3) The merchant failed to exercise reasonable care.

LA. STAT. § 9:2800.6(B). "'Constructive notice,'" the statute further specifies, "means . . . that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity" of a condition "does not, alone, constitute constructive notice." *Id.* § 9:2800.6(C)(1). Section 9:2800.6(B) "requires the claimant to prove each of its three subsections" and does not allow for "shifting . . . the burden" to the defendant. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1085 (La. 1997).

The most straightforward basis for deciding this appeal is that Hart has failed to make the showing required by Section 9:2800.6(B)(2): that Lowe's "either created or had actual or constructive notice of the condition" that caused her injuries. Hart does not argue that Lowe's or its agents had actual knowledge of the lumber extending into the aisle where she was walking. Nor does Hart identify any evidence that the lumber was in that position long enough to put Lowe's on constructive notice of the condition. "Though the time period need not be specific in minutes or hours, constructive notice requires that . . . the condition [have] existed for some time period prior to the fall." *White*, 699 So. 2d at 1084–85. Here, given that the customer on whose cart the lumber sat was waiting in the checkout line

No. 21-30689

when Hart fell, the risky condition—that is, the lumber extending into the aisle—very well may have only existed for a few minutes. Because Hart has "simply show[n] that the condition existed without [making] an additional showing that the condition existed for some time before [her] fall," she "has not carried the burden of proving constructive notice." *Id.* at 1084.[1]

Hart, attempting to pivot from the notice issue, argues that "[b]ecause Lowe's essentially created the condition, . . . she need not prove actual or constructive notice." "In providing this particular cart to another customer and permitting the use of the cart to load with lumber for purchase without assistance of any kind," Hart explains, "it was foreseeable that patrons . . . could trip and fall over lumber when navigating the aisles and passageways." But merely offering merchandise for sale that customers could conceivably use to create a tripping hazard does not amount to "creat[ion]" of a dangerous condition within the meaning of LA. STAT. § 9:2800.6(B)(2). Louisiana courts have uniformly rejected the contention that "a merchant's failure to exercise reasonable care is the equivalent of a merchant creating a

---

[1] Hart attempts to obfuscate her failure to make this showing, asserting in her brief that she "cannot demonstrate how long the cart was left in the aisle" only because of "Lowe's spoliation and failure to preserve the entire [surveillance] video pursuant to its own policy." This glancing allusion to spoliation without supporting authority or analysis is insufficient to preserve the issue for appellate review, *see JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016); and, at any rate, the allegation of spoliation is baseless. The company policy to which Hart alludes instructs Lowe's employees, when a patron is injured, to "[s]ecure the store video surveillance tap of the involved party entering the store, navigating the store, exiting the store, as well as the incident itself, if captured." Hart accuses Lowe's of violating the policy by failing to preserve footage of her entering, navigating, or exiting the store on the day of her accident. But even if that is true, footage of Hart entering, navigating, or exiting the store would not reveal how long the lumber on which she tripped was in protruding into the aisle before her fall. And although the footage of Hart's fall itself began only several seconds before the accident, Lowe's' policy did not require preservation of earlier footage from the same angle—only preservation of footage of "the incident itself, if captured."

No. 21-30689

dangerous condition," reasoning that "[s]uch an interpretation would nullify Section B(3) of the statute." *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So. 2d 910, 913 (La. Ct. App. 1st Cir. 1999). For example, in the case just quoted, the plaintiff (who was injured when she slipped on a sample of crab salad that a customer had dropped on a supermarket floor) argued that, "due to the foreseeability and likelihood that the customers would drop portions of the crab salad sample on the floor," the supermarket "created a situation which led to [her] fall." *Id.* The court disagreed and held that a merchant has not "creat[ed]" a condition for Section-9:2800.6(B)(2) purposes unless there is "proof that the merchant is *directly* responsible for the spill or other hazardous condition." *Id.* (emphasis added); *accord Matlock v. Brookshire Grocery Co.*, 285 So. 3d 76, 82 (La. Ct. App. 2d Cir. 2019); *Gray v. Wal-Mart Louisiana, L.L.C.*, 484 F. App'x 963, 966 (5th Cir. 2012); *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 462 (5th Cir. 2012); *Mohammad v. P.F. Chang's China Bistro*, 548 F. App'x 236, 238 (5th Cir. 2013). Thus, because Hart has produced no evidence that Lowe's was *directly* responsible for creating the condition that caused her injuries, her claim cannot proceed.

\*     \*     \*

For the reasons stated above, we AFFIRM summary judgment for Lowe's.