United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-30253
Summary Calendar
_____

JANICE BROUSSARD,

Plaintiff - Appellant,

versus

OUTBACK STEAKHOUSE OF FLORIDA, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
District Court Cause No. 3:03-CV-353

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Janice Broussard appeals the district court's summary judgment in favor of defendant-appellee Outback Steakhouse of Florida, Inc. (Outback) on her state law negligence claim. For the following reasons, the court affirms the district court's judgment.

On or about May 16, 2002, Broussard dined with her husband at an Outback restaurant in Metairie, Louisiana. Sometime after being seated at the bar, Broussard went to the restroom. On her

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

return to the bar, she slipped and fell.

Broussard later sued Outback for negligence in state court, seeking relief for damages incurred from the fall. Outback asserted that Broussard's claimed injuries and damages exceeded $75,000 and removed the case to federal court based on diversity jurisdiction. Outback moved for summary judgment and contended that Broussard could not establish all elements required by Louisiana's merchant-premises-liability statute. The district court granted the motion and entered summary judgment in Outback's favor. Broussard appealed.

This court reviews the district court's order granting summary judgment de novo, applying the same standards as the district court.[1] When there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.[2] To prevail on a motion for summary judgment, the moving party must either present evidence that negates the existence of some material element of the non-moving party's claim or point out that the non-moving party lacks sufficient evidence to prove an essential element.[3] The court reviews the evidence in the light most favorable to the non-

---

[1]*Chaney v. New Orleans Pub. Facility Mgmt.*, 179 F.3d 164, 167 (5th Cir. 1999).

[2]FED. R. CIV. P. 56(c).

[3]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

movant,[4] but the non-movant cannot rely only on the pleadings. The non-movant must point to specific facts in dispute indicating a genuine issue for trial.[5]  There is no issue for trial unless the non-movant can present sufficient evidence for a reasonable jury to return a verdict in the non-movant's favor.[6]  If the evidence is not sufficiently probative or merely colorable, summary judgment is appropriate.[7]

To prevail on her claim against Outback, Broussard must not only prove that Outback was negligent, she must meet the requirements set forth in Louisiana's merchant-premises-liability statute, LA. REV. STAT. § 9:2800.6.[8]  The relevant portion of that statute provides as follows:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

---

[4]*Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[5]*See Celotex*, 477 U.S. at 324.

[6]*Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

[7]*Anderson, 477 U.S.* at 250-51.

[8]*See Felton v. Greyhound Lines*, 324 F.3d 771 (5th Cir. 2003) (explaining that state law governs the merits of federal diversity cases).

3

> (2)  A merchant <u>either created or had actual or constructive notice of a condition which caused the damage</u>, prior to the occurrence.
>
> (3)  The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform clean-up or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[9]

Under this provision, the burden of proof never shifts to the merchant, and thus, the plaintiff's failure to prove any one of the elements destroys her cause of action.[10]  Here, the parties dispute the second element of the merchant-premises-liability statute.  They agree that no evidence exists that shows Outback had notice of the hazard, but disagree about whether Broussard produced evidence that shows Outback created the hazard.  After reviewing the record, the court concludes that Broussard presented no evidence that shows Outback created the hazard.

In their depositions, neither Broussard nor her husband identified a substance on the floor that created a hazard or caused the fall.  When asked to describe the substance that caused the fall by texture, smell, or color, neither Broussard nor her husband could provide a description.  Broussard testified that no residue was left on her clothes and that she did not feel anything on the floor with her hands.  Broussard's husband testified that he examined the area by "sliding back and forth

---

[9]La. Rev. Stat. Ann. § 9:2800.6 (West 1997) (emphasis added).

[10]*Davenport v. Albertson's Inc.*, 774 So. 2d 340, 343 (La. Ct. App. 2000).

4

from one foot to two foot [sic] just with [his] tennis shoes on"
and claimed the floor felt slippery or waxy although he did not
touch the floor with his hand. Broussard and her husband further
testified that they did not see a customer or employee spill
anything on the floor. Thus, no evidence exists of any substance
or condition that posed a hazard.

Broussard, however, maintains that she presented
circumstantial evidence from which a jury could infer that
Outback created a hazard. Broussard relies on evidence that
shows Outback usually places mats in various areas throughout the
restaurant, including the area where Broussard fell. This
evidence indicates that mats are used to keep the floors clean
and safe because employees sometimes track water and debris from
the kitchen onto the dining room floor. Broussard suggests that
the mere failure to place mats in front of the kitchen suffices
as evidence of the creation of a hazard.

To support this assertion, Broussard relies on *Barton v.
Wal-Mart*.[11] In *Barton*, the plaintiff slipped and nearly fell
when entering Wal-Mart on a rainy day.[12] After a bench trial,
the trial judge determined that Wal-Mart failed to exercise
reasonable care to prevent the accident by not following its

---

[11]*Barton v. Wal-Mart Stores*, 704 So. 2d 361 (La. Ct. App. 1997).

[12]*Barton*, 704 So. 2d at 362-63.

5

written rainy-day procedures.[13]  On appeal, Wal-Mart argued that the trial judge erred by finding that the condition of the entrance floor or the level of monitoring of the condition of that floor presented an unreasonable risk of harm to the plaintiff.[14]  The court of appeals upheld the trial judge's finding, noting that Wal-Mart's written rainy-day procedures cannot be effective or reasonable if they are not followed.[15] That case, however, does not help Broussard.

In *Barton*, the plaintiff presented evidence that the entrance floor was wet.[16]  Although the plaintiff did not suggest that Wal-Mart created the wet condition, he contended that Wal-Mart had notice of the hazardous condition.  The trial judge agreed, finding that Wal-Mart knew that water would accumulate at the particular entrance because most customers used that entrance and that Wal-Mart failed to follow its rainy day procedures. Thus, on appeal, the *Barton* court considered whether the trial judge's finding that Wal-Mart failed to exercise reasonable care because it did not follow its safety procedures was clearly erroneous.  The court agreed with the trial judge, determining that the finding was not clearly erroneous, but it did not

---

[13]*Id*. at 367.

[14]*Id*. at 363.

[15]*Id*. at 367.

[16]*Id*. at 365.

6

suggest that a plaintiff can rely solely on the defendant's failure to follow its own procedures as evidence that the defendant created a hazardous condition.[17]

Broussard also relies on *Martin v. Performance Motorwerks*.[18] In that case, the plaintiff slipped and fell at an automobile dealership in an area adjacent to where an employee was steam cleaning a car engine.[19]  After a bench trial, the trial judge accepted the plaintiff's version of how the accident occurred and awarded her damages for her injuries.[20]  On appeal, the dealership argued that the trial judge erred in applying § 9:2800.6 because there was no evidence of constructive notice of a dangerous condition.[21]  The court of appeals, however, explained that §9:2800.6 requires the plaintiff to prove <u>either</u> that the merchant created the condition that caused the fall *or* that the merchant had notice of the condition.[22]  Because the court observed that the plaintiff had presented ample evidence that the dealership had created the hazard that caused the fall, the court of appeals refused to disturb the trial court's

---

[17]*Id.*

[18]879 So. 2d 840 (La. Ct. App. 2004).

[19]*Martin*, 879 So. 2d at 842.

[20]*Id.* at 842-43.

[21]*Id.* at 843.

[22]*Id.* at 843-44.

7

judgment.[23]  Thus, both *Barton* and *Martin* reiterate the rule that where a plaintiff does not rely on the merchant's notice of a hazardous condition, § 9:2800.6 requires the plaintiff to present evidence that the defendant merchant created the hazardous condition.  Accordingly, Broussard was required to present evidence from which a reasonable jury could find that Outback created a hazard.  Because she did not, summary judgment was proper.  Consequently, this court AFFIRMS the judgment of the trial court.

AFFIRMED.

---

[23]*Id*. at 844.  During trial, the plaintiff and her daughter testified that the entire floor was wet and there was a wax-like substance in a small area near the spot of the fall.  There was also evidence that an employee was steam cleaning a car engine in the area immediately adjacent to the spot where the fall occurred.