# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30720
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

EMAN MOHAMMAD; LOUAY MOHAMMAD,

Plaintiffs–Appellants,

versus

P.F. CHANG'S CHINA BISTRO;
ZURICH AMERICAN INSURANCE COMPANY,

Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-706

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Eman and Louay Mohammad appeal a summary judgment in their suit for personal injuries from a slip and fall at a restaurant. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30720

## I.

While dining at P.F. Chang's China Bistro, Eman excused herself from the table and walked toward the restrooms. While crossing the tiled hallway that leads to the restrooms and the entrance to the kitchen, she slipped and fell, sustaining a lumbar injury. Her son, Hussein—who was trailing close behind—helped her to her feet, whereupon she noticed that her pants were wet with an unidentified liquid. There was no evidence of how long the allegedly hazardous condition had existed.

The restaurant provided employees with non-slip shoes, had a written policy regarding spills requiring employees to carry out inspections routinely around the dining area, and typically placed mats near the entrance to the kitchen. Eman and Hussein, however, stated that there was no mat there.

The Mohammads sued the restaurant and Zurich American Insurance Company (jointly "P.F. Chang's") in state court alleging a violation of Louisiana Revised Statutes Annotated Section 9:2800.6. P.F. Chang's timely removed to federal court on the basis of diversity jurisdiction, and the district court granted P.F. Chang's' motion for summary judgment.

## II.

We review a summary judgment *de novo* and apply the same standard as did the district court, viewing all disputed evidence in the light most favorable to the nonmoving party. *Auguster v. Vermillion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

No. 13-30720

III.

Section 9:2800.6 governs merchant-premises liability and provides that a claimant has the burden of proving that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." LA. REV. STAT. ANN. § 9:2800.6(B)(2). Therefore, if the Mohammads have not demonstrated a genuine issue of material fact regarding whether P.F. Chang's either created the pool of unidentified liquid or had actual or constructive knowledge of its existence, we affirm the summary judgment.


A.

The Mohammads presented no evidence to create an issue of material fact regarding whether P.F. Chang's created the condition that caused the injury. The Mohammads argue that a reasonable trier of fact could find that P.F. Chang's created the condition "when P.F. Chang's' employees tracked substances from the kitchen on to the tile floor next to the bathroom" and failed to place a mat at the problematic location. We, like the district court, conclude that no such issue of material fact exists.

In *Broussard v. Outback Steakhouse of Florida, Inc.*, 146 F. App'x 710, 712 (5th Cir. 2005) (per curiam), we addressed whether, under Louisiana law, failure to place a mat in an area where employees sometimes track water and debris from the kitchen created an issue of material fact sufficient to avoid summary judgment. We concluded that it did not. *Id.* at 713–14. The Mohammads try to differentiate this case on the basis that, unlike the situation in *Broussard*, there is evidence that there actually was a liquid on the ground at the time of the fall. *Id.* at 712.

That argument ignores the central requirement of the statute: "[T]here must be proof that the merchant is *directly* responsible for the spill or other

3

No. 13-30720

hazardous condition." *Gray v. Wal-Mart La., L.L.C.*, 484 F. App'x 963, 966 (5th Cir. 2012) (emphasis added) (citation omitted). Merely providing evidence that liquid substances sometimes end up on the floor of the kitchen provides no evidence that the liquid was transmitted from the kitchen to the hallway on the soles of an employees' non-slip shoes. Mere assertions, without significant probative evidence, are not sufficient to survive summary judgment.[1] Therefore, for the same reasoning found in *Broussard* and cited by the district court, no issue of material fact exists regarding creation of the condition.

B.

Nor do the Mohammads demonstrate an issue of material fact in regard to P.F. Chang's' actual or constructive notice of the spill. As evidence of notice, the Mohammads again point to Dupree's testimony that employees wore non-slip shoes and placed mats outside the kitchen entrance. Additionally, they provided a safety expert's opinion that the restaurant knew or should have known that grease residue could be tracked into the hallway by employees and that customers could walk across the same route and slip.

The Mohammads again rely solely upon mere assertions—by them or their expert—that spills in the kitchen *could* be tracked into the hallway as "evidence" of actual knowledge on the part of P.F. Chang's that it *was* tracked into the hallway. That is insufficient to avoid summary judgment.[2]

Although the evidence shows no issue of material fact in regard to actual notice, we must examine whether it creates such an issue on constructive

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("In short, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

[2] *See Douglass*, 79 F.3d at 1429.

notice.  In *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997), the seminal case on this issue, the court held that there is a temporal requirement for constructive notice:  "The statute does not allow for the inference of constructive notice absent some showing of this temporal element."  A claimant must show not only that a hazardous condition existed but also that it existed for some period of time:

> A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.  Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.  This is not an impossible burden.

*Id.* at 1084–85.[3]  In other words, "the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care."  *Id.* at 1086.[4]

The *White* court found the plaintiff to have "fall[en] far short of carrying th[is] burden" by "present[ing] absolutely no evidence that the liquid was on

---

[3] The *White* court overruled a Louisiana Supreme Court decision on the basis that it did not require a showing of positive evidence that the "condition existed for some period of time prior to the occurrence and which provided for a shifting" and it "provided for a shifting burden to the defendant merchant to prove it exercised reasonable care."  *White*, 699 So. 2d at 1085 (explicitly overruling *Welch v. Winn-Dixie La., Inc.*, 655 So. 2d 309 (La. 1995)).

[4] *See also Walters v. Kenner CiCi's*, 780 So. 2d 467, 470 (La. 5th Cir. 2001) ("The Supreme Court held that the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." (citing *White*, 699 So. 2d at 1081)).

No. 13-30720

the floor for any length of time." *Id.*[5] The Mohammads have similarly presented no evidence that the liquid in this case was on the floor for any length of time—let alone that that time was sufficient that the restaurant have discovered its existence through the exercise of ordinary care. As a result, there is no issue of material fact regarding constructive notice.

Because the Mohammads have not meet their burden to produce evidence regarding P.F. Chang's' creation of or notice regarding the hazardous condition, merchant-premises liability could not be found as a matter of Louisiana Law. The summary judgment is AFFIRMED.

---

[5] The Mohammads try to distinguish *White* because it did not involve summary judgment but a judgment on the merits. That is a distinction without a difference: Just as a complete lack of evidence to prove a claim on the merits requires reversal, a complete lack of evidence to create an issue of material fact requires summary judgment.