CRAIN, J.
I ¡/This is an appeal of a summary judgment dismissing the plaintiffs’ claims for economic losses. We reverse.
FACTS
The plaintiffs in this suit (CedarHolley Investment LLC, Lucky Deuces Casino LLC, Sthanki Properties LLC, and Shri-ma LLC[1]) operate businesses that they allege were economically impacted when a tractor-trailer crashed into a nearby ditch and spilled some or all of its cargo of acrylic acid. The plaintiffs did not sustain any property damages, but contend that due to the health and safety risks posed by the spill, it was unsafe for customers to use the services of their businesses (a convenience store, a truck stop and casino, an RV park, and a motel), and their employees were forced to evacuate the premises. The plaintiffs filed suit against the truck driver, Alonzo T. Pitre, and his employers, A.T. Pitre Trucking LLC and Quality Carriers Inc., seeking to recover the economic losses they suffered as a result of the accident.
The defendants filed a motion for summary judgment, seeking dismissal of the plaintiffs’ claims based upon application of “the economic-loss rule,” arguing that there is no genuine issue of material fact as to the absence of any physical damage to the plaintiffs’ properties, and therefore the plaintiffs are barred from recovering purely economic damages. The plaintiffs opposed the motion, arguing that their recovery is subject to a duty/risk analysis, and since their businesses are a clearly definable group within the evacuation zone, their claims are compensable. The trial court determined that the plaintiffs could not recover on their claims for purely economic damages, and granted summary judgment dismissing the plaintiffs’ claims. This appeal followed.
^DISCUSSION
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s determination. Reynolds v. Bordelon, 14-2371 (La. 6/30/15), 172 So.3d 607, 610. Thus, the summary judgment shall be affirmed if the pleadings, depositions, answers to inter *852 rogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgments show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966B(2).[2]
On a motion for summary judgment, the burden of proof is on the mover. See La. Code Civ. Pro. art. 966C(2). However; if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. Code Civ. Pro. art. 966C(2); Temple v. Morgan, 15-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76.
The defendants argue that' the plaintiffs’ claims are barred by the economic-loss rule. In Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 308, 48 S.Ct. 134, 135, 72 L.Ed. 290 (1927), the Supreme Court held that under general |4maritime law a tortfeasor’s liability arising from property damage extended only to the owner of the damaged property, and therefore the tortfeasor was not liable to a party with whom the owner of the damaged property had contracted. The prohibitory rule of Robins Dry Dock has been characterized as “a pragmatic limitation imposed by the. Court upon the tort doctrine of foreseeability.” See State of La. ex rel. Guste v. M/V TESTBANK, 752 F.2d 1019, 1023 (5th Cir. 1985), cert. denied, 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986). Based on the principles recognized in 'Robins Dry Dock, the economic-loss rule has been extended beyond maritime law to bar recovery in tort for economic losses that are unaccompanied by harm to the party’s own person or property. See Wiltz v. Bayer CropScience, Ltd. Partnership, 645 F.3d 690, 695-96 (5th Cir. 2011), cert. denied, 565 U.S. 1179, 132 S.Ct. 1145, 181 L.Ed.2d 1019 (2012).
Following Robins Dry Dock, the Louisiana Supreme Court recognized that “[i]t is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation.” Forcum-James Co. v. Duke Transp. Co., 231 La. 953, 93 So.2d 228, 230 (1957). Louisiana generally adopted a prohibitory rule based on Robins Dry Dock and Forcum-James Co., and denied recovery for indirect economic loss to a party who had a contractual relationship with the owner of property negligently damaged by a tortfeasor. Maw Enterprises, L.L.C. v. City of Marksville, 14-0090 (La. 9/3/14), 149 So.3d 210, 216.
In PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058, 1061 (La. 1984), *853 however, the Louisiana Supreme Court abandoned a mechanical application of the economic-loss rule in favor of a case-by-case application of the traditional duty/risk analysis. Accordingly, the prohibitory economic-loss rule advanced by Rthe defendants is not the law of this state.[3] Louisiana law requires that the viability of the plaintiffs’ claims be determined after conducting a duty/risk analysis. See Maw Enterprises, L.L.C., 149 So.3d at 216; PPG Industries, 447 So.2d at 1059-60; Phillips v. G & H Seed Co., 10-1405 (La.App. 3 Cir. 3/7/12), 86 So.3d 773, 780-82, writ granted, 12-0775 (La. 6/22/12), 90 So.3d 447; see also 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 234 (La. 1989); Wiltz, 645 F.3d at 697-99. A tortfeasor is not legally responsible to all persons for all damages flowing in a “but for”' sequence from the tortfeasor’s negligent conduct. PPG Industries, 447 So.2d at 1061. Thus, it must be determined whether the duty allegedly breached by the defendants encompassed the particular risk of injury sustained by the plaintiffs.[4] See PPG Industries, 447 So.2d at 1062; Phillips, 86 So.3d at 782.
Louisiana Code of Civil Procedure article 966F(1) provides that “summary judgment may be rendered or affirmed only as to those issues' set forth in the motion under consideration by the court at that time.” The defendants moved for summary judgment solely on the basis that the economic-loss rule operates to bar the plaintiffs from recovering, economic damages because they sustained no physical or property damages. As set forth herein, the defendants are not entitled to summary judgment dismissing the plaintiffs’ claims on that basis. Instead, the plaintiffs’ claims must be examined under the duty/risk analysis. Since the |fldefendants have not raised issues related to the duty/risk analysis in .their motion for summary judgment, this matter must be remanded to the trial court for further proceedings.[5] Accord Phillips, 86 So.3d at 782.
*854 CONCLUSION
The trial court’s judgment granting summary judgment and dismissing the plaintiffs’ claims is reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Alonzo T. Pitre, A.T. Pitre Trucking, LLC, and Quality Carriers, Inc.
REVERSED AND REMANDED.

. Shrima LLC, the operator of the motel, intervened in the suit, and is included in the reference herein to "the plaintiffs.”

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, .§ 1, with an effective date of January 1, 2016, The amended version of Article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. The defendants argue to the contrary based on the federal district court’s analysis in TS & C Investments, L.L.C. v. Beusa Energy, Inc., 637 F.Supp.2d 370 (W.D. La. 2009). The federal district court’s ".Ene-guess” is not binding authority regarding Louisiana law. Cf FIA Card Services, N.A. v. Weaver, 10-1372 (La. 3/15/11), 62 So.3d 709, 714. However, we note that in conducting its analysis, the federal district court repeatedly indicated that the recoverability of purely economic damages required a policy determination, even if couched in terms of the duty/risk analysis, which led to the same conclusion as considering the question as a "damages rule.” TS & C Investments, L.L.C., 637 F.Supp.2d at 380.

. Because the plaintiffs’ recovery must be decided under a duty/risk analysis, we do not consider or decide whether the economic-loss rule would bar the damages sought by the plaintiffs. But see, e.g., In re StarLink Corn Products Liability Litigation, 212 F.Supp.2d 828, 839-40 (N.D.Ill 2002) (recognizing that "access” cases in which plaintiffs seek compensation for lost profits because an alleged tort prevented customers from reaching the businesses nominally fall under the same economic-loss rule).

. We note that in oral reasons for dismissing the plaintiffs’ claims, the trial court made reference to the duty/risk analysis, as did the federal district court’s opinion in TS & C Investments, L.L.C., on which the defendants rely. However, since the defendants did not raise issues regarding the scope of duty or the legal cause of the plaintiffs’ damages in their motion for summary judgment, as part of our de novo review We do not consider whether the duty/risk analysis will yield the same result as application of the economic-loss rule. See e.g., PPG Industries, Inc., 447 So.2d at 1061 (acknowledging that policy considerations similar to those underpinning the economic-loss rule led the court to find, under a duty/risk analysis, that the duty not to negligently damage property did not encompass the particular risk of economic losses sustained by a party who contracted with property owner); Dundee Cement Co. v. Chemical Laboratories, Inc., 712 F.2d 1166 (7th Cir. 1983) (finding that the plaintiff could not recover under Illinois law for economic losses *854 to its business allegedly sustained when the defendant’s truck spilled hazardous materials and resulting road closures prohibited customers from reaching the business, because Illinois law precluded recovery of purely economic damages and because the plaintiff was legally too remote a party); but see Pharr v. Morgan’s L. & T.R. & S. S. Co., 115 La. 138, 38 So. 943 (La. 1905) (where the defendant was held liable for some of the plaintiff's economic losses incurred after the defendant’s negligence obstructed navigation of the Atchafalaya River).