CRAIN, J.,
dissenting.
|tAs correctly noted by the majority, an innkeeper must conduct reasonable inspections of his premises. However, I disagree with the majority’s conclusion that mere presence for periodic cleaning of the subject condominium unit is sufficient to satisfy the duty to discover defects in the vanity stool. The evidence established that the staff simply cleaned the unit between visits. Under these factual circumstances, the majority’s conclusion is the equivalent of having paying guests rent the unit at their own risk. The duty of an innkeeper requires more.
The cases relied upon by the majority are factually distinguishable from the present case. In Parsons v. Sholand, LLC, 13-2217, 2014 WL 4317786 (La. App. 1 Cir. 8/29/14), each chair was hand-wiped, including the legs, on a weekly basis. The defect in the chair was a weld, not a missing screw. There was no evidence the defect, a weld fracture, existed prior to the accident, or would have been visible or discoverable upon mere inspection. Parsons, 2014 WL 4317786 at 2-3. In Thompson v. Nelon’s Fast Foods, Inc., 42,825 (La.App. 2 Cir. 1/23/08), 974 So.2d 835, the defendant regularly inspected the furniture and conducted weekly, detailed cleanings of the chairs, which involved placing the chairs upside-down on tables. Employees were told to alert a manager if they found something wrong with a chair, and no problems were reported before the incident. Thompson, 974 So.2d at 838. In Bush v. XYZ Insurance Company, 38,867 (La. App. 2 Cir. 8/18/04), 880 So.2d 953, the defendant’s employees routinely checked the chair at [2issue. The defect, a faulty weld, was so obscure that only a metallurgist could have discovered it. Bush, 880 So.2d at 955-56.
In contrast to these cases, which involved regular inspections or cleanings that facilitated identification of discoverable defects, the subject record contains no evidence the vanity stool was ever inspected or cleaned, instead, only “the unit” was generally cleaned. Unlike the faulty welds in Parsons and Bush, the absence of screws connecting the legs to the seat of this vanity stool was readily apparent to both Luis Alvarado and Elizabeth Smith when they looked at the underside of the stool. Whether a reasonable inspection before the subject incident would likely have revealed the missing screws is a question of fact that is not appropriate for resolution by motion for summary judgment.
Considering the evidence before the court, and construing factual inferences reasonably drawn therefrom in favor of the opponent of the motions for summary judgment, Elizabeth Alvarado met her burden of establishing a genuine issue of material fact as to the reasonableness of the defendants’ efforts to discover defects in the vanity stool. Cf. Crooks v. Southwest Louisiana Hospital Association, 12-157 (La.App. 3 Cir. 8/8/12), 97 So.3d 671, 678, writ denied, 12-1982 (La. 11/21/12), 102 So.3d 58 (holding, on review after trial, that if a hospital had exercised reasonable care and inspected the sofa beds in use in its facility, it would have discovered the defect in the subject bed); Walters v. Kenner CiCi’s, 00-1372 (La.App. 5 Cir. 1/23/01), 780 So.2d 467, 469 (holding, on review after trial, that the trial court was not manifestly erroneous in finding that a screw was missing from a chair at the time *437 of the accident and that this defect was discoverable in the exercise of reasonable care).[1]
| a As to custody of the stool, factual issues remain as to which defendant, if not both, had garde of the stool. Ross v. La Coste de Monterville, 502 So.2d 1026, 1029 (La. 1987); Alford v. Home Insurance Company, 96-2430 (La.App. 1 Cir. 11/7/97), 701 So.2d 1375, 1378, writ denied, 97-3029 (La. 2/13/98), 709 So.2d 749.
Finally, the majority’s conclusion that Elizabeth failed to prove that the accident “would not have happened but for the lack of inspection,” expands the scope of this motion for summary judgment. The issue of causation was not raised in the motion. Consequently, the summary judgment cannot be affirmed on that basis. See La. Code Civ. Pro. art. 966F(1); Cedarholley Inv., LLC v. Pitre, 16-0641 (La.App. 1 Cir. 12/22/16), 209 So.3d 850.

. Compare Mayes v. Wausau Underwriters Ins. Co., 12-465 (La.App. 3 Cir. 12/12/12), 104 So.3d 785, 790-91 (affirming summary judgment in favor of a defendant where the evidence did “not indicate that this defect [a faulty weld] could be easily seen, under normal lighting, by turning the chair over”).